UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index No.:

-------------------------------------------------------------------X

HAI MYA LAZAR,

**COMPLAINT**

Plaintiff,

Plaintiff Demands a
Trial by Jury

-against-

SAWHNEY WEST CARE MEDICAL LLC, individually
and d/b/a IRVING PLACE SURGERY & WELLNESS
CENTER, and DR. RAMESH SAWHNEY, MD., individually,

Defendants.

-------------------------------------------------------------------X

Plaintiff, by her attorneys, the ARCÉ LAW GROUP, P.C., upon information and belief, complains of Defendants as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and to remedy violations of the New York Executive Law and the Administrative Code of the City of New York based upon the supplemental jurisdiction of this Court pursuant to Gibbs 38 U.S. 715 (1966) and 28 U.S.C. § 1367, seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed and discriminated against by her employer on the basis of her race and national origin, sex/gender, together with sexual harassment, *quid pro quo* sexual harassment, and retaliation.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. § 12101 *et seq.*; 29 U.S.C. § 2617; 28 U.S.C. § 1331, § 1343 and supplemental jurisdiction thereto.

3. This action involves a Question of Federal Law.

4. Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of the State of New York. 28 U.S.C. § 1391(b).

5. On or about January 9, 2015, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC").

6. On or about August 7, 2015, Plaintiff received a Notice of Right to Sue letter from the EEOC.

7. This action is being brought within 90 days of said Notice of Right to Sue.

## PARTIES

8. Plaintiff is a Vietnamese female resident of the State of New York, County of Kings.

9. At all times material, Defendant SAWHNEY WEST CARE MEDICAL LLC, individually and d/b/a IRVING PLACE SURGERY & WELLNESS CENTER (herein also referred to as "IRVING PLACE SURGERY") was and is a domestic professional service limited liability company duly incorporated under the laws of the State of New York.

10. At all times material, Defendant DR. RAMESH SAWHNEY MD. (hereinafter also referred to as "DR. SAWHNEY") was and is a resident of the State of New York.

11. At all times material, Defendant DR. SAWHNEY was and is an employee of Defendant IRVING PLACE SURGERY.

12. At all times material, Defendant DR. SAWHNEY was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

13. Defendant IRVING PLACE SURGERY and Defendant DR. SAWHNEY are hereinafter collectively referred to as "Defendants."

14. At all times material Plaintiff was an employee of Defendants.

## MATERIAL FACTS

15. On or about September 15, 2014, Plaintiff began her employment with Defendant IRVING PLACE SURGERY as a "Medical Assistant" and "Medical Receptionist" at its 67 Irving Place, 10th Floor, New York, NY 10003 location.

16. On or about September 25, 2014, Defendant DR. SAWHNEY told Plaintiff that he was looking for a new "female face" to represent Defendant IRVING PLACE SURGERY. He brought Plaintiff into one of the empty doctor's offices and asked Plaintiff **"Do you know of any Vietnamese models that would be willing to pose nude for me?"**

17. Defendant DR. SAWHNEY then asked Plaintiff, **"Would you feel comfortable modeling nude for me?"** Plaintiff told him that she was not interested.

18. On or about September 26, 2014, while Defendant DR. SAWHNEY, Dr. Frank Colabella, a Medical Assistant named Lauren, and Plaintiff were in the middle of a surgery, Defendant DR. SAWHNEY pulled Plaintiff aside and told her that he was a **"child prodigy" for his photography skills and that he was skilled enough to hide her (Plaintiffs') face in any nude photos** that he would take of her. Defendant DR. SAWHNEY emphasized at the end of their conversation that she should keep this discussion confidential.

19. On or about September 30, 2014, Defendant DR. SAWHNEY asked Plaintiff to take his blood pressure in one of the back surgery rooms. When Plaintiff asked Defendant DR.

SAWHNEY to roll up a sleeve, he joked with Plaintiff saying **"I do not want to take off my shirt."**

20. When Plaintiff told Defendant DR. SAWHNEY that his blood pressure was too high, he told her, **"You make my blood pressure go up!"** Defendant DR. SAWHNEY then started making small talk, asking Plaintiff about her personal life. When she confided about some of her financial troubles he told her, **"Maybe you can have a sugar daddy,"** insinuating that *he* **could be her sugar daddy and that she could get money for sex.**

21. As Defendant DR. SAWHNEY and Plaintiff were leaving the back surgery room, Defendant DR. SAWHNEY **again asked Plaintiff to reconsider his offer for nude modeling, which Plaintiff declined.**

22. On or about October 6, 2014, Plaintiff was sitting at the front reception desk at Defendant IRVING PLACE SURGERY with Defendant DR. SAWHNEY. Defendant DR. SAWHNEY picked up a pill that he was taking and told Plaintiff that it was Viagra. Defendant DR. SAWHNEY told Plaintiff that he takes it to reduce his blood pressure, but that the pill **"Raises everything else."**

23. The next day, in a conversation Plaintiff recorded, she complained to a supervising doctor, Dr. Brodsky, regarding Defendant DR. SAWHNEY's **comment to her that Viagra gives him an erection. Dr. Brodsky responded to Plaintiff's complaint, "I can't let you continue through this, it is not fair to you."**

24. On or about October 13, 2014, Plaintiff's supervisor, Jeanette Garcia, approached Plaintiff and told her that during a meeting that she (Jeanette) had with Defendant DR. SAWHNEY and Dr. Brodsky, Defendant DR. SAWHNEY had mentioned defensively how he does not

approve of the way Dr. Colabella looks at Plaintiff. Yet, neither Plaintiff nor Jeanette Garcia thought that Dr. Colabella looked at Plaintiff in a strange way.

25. Plaintiff told Jeanette about Defendant DR. SAWHNEY's request for her to model nude for him or for Plaintiff to ask one of her Vietnamese friends to model nude for him.

26. Jeanette Garcia said that she was not surprised because she was aware of prior incidents that Defendant DR. SAWHNEY had with an Asian patient that went on for two years. Jeanette Garcia did not tell Plaintiff the details, but told her that the patient complained of inappropriate sexual behavior that Defendant DR. SAWHNEY demonstrated, and then never came back.

27. In or around the end of October 2014, in a conversation Plaintiff recorded with Dr. Brodsky, he corroborates Jeanette's story. Dr. Brodsky admitted that Defendant DR. SAWHNEY had relations with a patient, specifically stating, **"There have been incidences with a patient...yes, something. I don't know to what extent but based on that it is my feeling he has a thing for Asians. Just be on guard."**

28. On or about October 20, 2014, Plaintiff again complained to Dr. Brodsky, telling him about Defendant DR. SAWHNEY's inappropriate behavior. However, Dr. Brodsky and Defendant IRVING PLACE SURGERY failed to take appropriate measures to remedy the harassment and/or prevent future harassment

29. In or around the end of October 2014, Defendant DR. SAWHNEY gave a young blonde patient an expensive Hermes bracelet. In order to impress Plaintiff with his wealth, Defendant DR. SAWHNEY then had the patient thank him in front of Plaintiff.

30. Defendant DR. SAWHNEY also **repeatedly told Plaintiff throughout her work day, "You drive me crazy" in a sexual manner.**

31. On or about October 30, 2014, Plaintiff was in the office with Defendant DR. SAWHNEY when she told him that there was a call on hold for him. When Defendant DR. SAWHNEY picked up the phone and found that the individual had hung up, he said "If it ever happens again, I will have to...." and then he didn't finish the sentence **but motioned to spank Plaintiff's buttocks.**

32. Later that same day, in a conversation Plaintiff recorded, Plaintiff again complained to Dr. Brodsky about Defendant DR. SAWHNEY's inappropriate sexual conduct. Specifically, Plaintiff told Dr. Brodsky, **"He keeps motioning that spanking thing,"** and mentioned that Defendant DR. SAWHNEY, **"Spoke the words of sugar daddy."**

33. Dr. Brodsky said it would be hard to confront Defendant DR. SAWHNEY, but he would do his best "little by little." Dr. Brodsky also told Plaintiff in the recorded conversation that Defendant DR. SAWHNEY is **"A weird guy,"** and "I'm your biggest advocate, I won't let anything happen to you." However, Dr. Brodsky and Defendant IRVING PLACE SURGERY still failed to take appropriate measures to remedy the harassment and/or prevent future harassment.

34. On or about October 31, 2014, while in the surgery room with a patient, **Defendant DR. SAWHNEY came up behind Plaintiff and began stroking her back up and down for a few seconds without saying a word, and then walked away.**

35. That same day, Plaintiff complained to Dr. Brodsky about Defendant DR. SAWHNEY rubbing her back. In another conversation Plaintiff recorded, Plaintiff complained to Dr. Brodsky about the continued harassment. Dr. Brodsky reassured Plaintiff that he would discuss these issues with Defendant DR. SAWHNEY, but he also told Plaintiff, **"If it keeps going on, you can start to look for another job because you don't need that."**

36. On or about November 6, 2014, Jeanette Garcia told Plaintiff that the following day, Friday, November 7, 2014, would be her last day of work at Defendant IRVING PLACE SURGERY. Jeanette then offered to speak with Defendant DR. SAWHNEY about his inappropriate behavior since it did not seem as if Dr. Brodsky had spoken with him.

37. On or about November 7, 2014, Plaintiff received a phone call from Dr. Brodsky explaining that he and Jeanette had spoken with Defendant DR. SAWHNEY about his harassment. Defendant DR. SAWHNEY instructed Dr. Brodsky to call Plaintiff immediately and to let her know that she was no longer needed at Defendant IRVING PLACE SURGERY, and that there was no need for her to come into work the following week.

38. Dr. Brodsky told Plaintiff that he did not know what had happened, and that her termination was not linked to her job performance.

39. Despite Plaintiff's complaints, Defendant DR. SAWHNEY continued to inappropriately touch his female employees even after Plaintiff was terminated. Defendant DR. SAWHNEY put his hands on the other receptionist Hema (last name currently unknown), when Hema objected to the touching, he tried to excuse his behavior by claiming that, "It is a family business," so he can touch his female employees.

40. On or about November 7, 2014, Defendants terminated Plaintiff's employment.

41. On or about November 7, 2014, Defendants terminated Plaintiff's employment because of her sex/gender.

42. On or about November 7, 2014, Defendants terminated Plaintiff's employment because she opposed Defendant DR. SAWHNEY's unlawful behavior.

43. Plaintiff's continued employment was based on her refusal or submission to Defendant DR. SAWHNEY's sexual advances.

44. Defendant DR. SAWHNEY would not have harassed Plaintiff but for her sex/gender.

45. Defendant DR. SAWHNEY would not have harassed Plaintiff but for her race and/or national origin.

46. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

47. As a result of Defendants' discriminatory and intolerable treatment of Plaintiff, she suffered and continues to suffer severe emotional distress and physical ailments.

48. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

49. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all Defendants jointly and severally.

### AS A FIRST CAUSE OF ACTION
### UNDER TITLE VII
### DISCRIMINATION

50. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

51. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, as amended for relief based upon the unlawful employment practice of the above-named Defendants. Plaintiff complains of

Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race, national origin, together with sex/gender discrimination and creating a hostile work environment.

### AS A SECOND CAUSE OF ACTION
### UNDER TITLE VII
### RETALIATION

52. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

53. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be an unlawful employment practice for an employer:

   "(1) to...discriminate against any of his employees...because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

54. Defendants engage in an unlawful discriminatory practice prohibited by 42 U.S.C. § 2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

### AS A THIRD CAUSE OF ACTION
### UNDER STATE LAW
### DISCRIMINATION

55. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

56. Executive Law §296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's... sex/gender...race... national origin... to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

57. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her race, national origin, and sex/gender, together with sexual harassment, *quid pro quo* sexual harassment and creating a hostile work environment.

58. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

## AS A FOURTH CAUSE OF ACTION
## UNDER STATE LAW
## <u>RETALIATION</u>

59. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

60. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

61. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to her employer's unlawful employment practices.

## AS A FIFTH CAUSE OF ACTION
## UNDER STATE LAW
## AIDING AND ABETTING

62. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

63. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

> "For any person to aid, abet, incite, compel or coerce the doing of any act forbidden under this article, or attempt to do so."

64. Defendants violated this section cited as set forth.

## AS A SIXTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## DISCRIMINATION

65. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

66. The Administrative Code of the City of New York §8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

67. Defendants engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code Title 8, §8-107 (1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her race,

national origin, and sex/gender, together with sexual harassment, *quid pro quo* sexual harassment and creating a hostile work environment.

## AS SEVENTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## RETALIATION

68. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

69. The New York City Administrative Code Title 8-107(7) provides that:

> "It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter…"

70. Defendants engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against the Plaintiff, including, but not limited to terminating Plaintiff's employment.

## AS AN EIGHTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## ASSAULT AND BATTERY

71. Plaintiff repeats, reiterates and realleges each and every allegation made in the paragraphs of this Complaint as if more fully set forth herein at length.

72. That the aforesaid occurrences and resultant injuries to Plaintiff were caused by reason of the intent, carelessness and recklessness of Defendant DR. SAWHNEY, his agents, servants and/or employees, suddenly and without provocations did physically assault and batter Plaintiff herein and did cause unwelcomed contact, causing Plaintiff to sustain damages.

**WHEREFORE,** Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practice prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., the New York City Administrative Code and the New York Executive Law; and that the Defendants harassed and discriminated against Plaintiff on the basis of her race, national origin, sex/gender, together with sexual harassment, *quid pro quo* sexual harassment, creating a hostile work environment, retaliation, and unlawful termination;

B. Awarding damages to the Plaintiff for any lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in an amount in excess of the jurisdiction of all lower courts;

D. Awarding Plaintiff Punitive Damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally in an amount to be determined at the time of trial plus interest, Punitive Damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:   New York, New York
         August 25, 2015

                                        **Arcé Law Group, P.C.**
                                        Attorneys for Plaintiff

By:     _____
        Bryan S. Arce, Esq.
        30 Broad Street, 35th Floor
        New York, NY 10004
        (212) 248-0120