| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------------x<br>HAIMYA LAZAR,<br>　　　　　　　　　　　　　　　Plaintiff(s),<br><br>　　　　　-against-<br><br>SAWHNEY WEST CARE MEDICAL LLC, individually and d/b/a IRVING PLACE SURGERY & WELLNESS CENTER and DR. RAMESH SAWHNEY, MD., individually,<br>　　　　　　　　　　　　　　　Defendants.<br>-------------------------------------------------------------------x | Docket #: 15 CV 6727<br><br>**VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |

Defendants, SAWNEY WEST CARE MEDICAL LLC, individually and d/b/a IRVING PLACE SURGERY & WELLNESS CENTER and DR. RAMESH SAWHNEY, MD. Individually (hereinafter "Defendants") by their attorneys, CONDE & GLASER LLP., as and for their Answer to the Complaint, allege as follows:

## NATURE OF THE CASE

1. Paragraph "1" of the Complaint contains legal conclusions. Defendants are not required to answer such legal conclusions. However, to the extent that paragraph 1 contains any allegations of fact, Defendants deny that the Plaintiff has suffered any injuries or harassment by the Plaintiffs, otherwise denies knowledge or information concerning any other allegations contained in Paragraph "1" of the Complaint, and refers all questions of law and fact to the court.

## JURISDICTION & VENUE

2. The Answering Defendants <u>only</u> admit to jurisdiction of this matter by the court, waives any opposition to jurisdiction, as contained within Paragraph "2" of the Complaint, and refers all questions of law and fact to the court.

1

3. Paragraph "3" of the Complaint contains legal conclusions. Defendants are not required to answer such legal conclusions. However, to the extent that paragraph "3" contains any allegations of fact, Defendants affirmatively deny that the Plaintiff may bring the within fraudulent action under federal law, otherwise denies knowledge or information concerning any other allegations contained in Paragraph "3" of the Complaint, and refers all questions of law and fact to the court.

4. The answering Defendants <u>only</u> admit to venue being proper in this matter, waives any opposition to venue in the within court, as contained within Paragraph "4" of the Complaint, and refers all questions of law and fact to the court.

5. The answering Defendants are without knowledge sufficient to form a belief as to the truth of the averments contained in paragraphs numbered "5", "6" and "7" of the Complaint, and refer all questions of law and fact to the court.

## PARTIES

6. The answering Defendants are without knowledge sufficient to form a belief as to the truth of the averments contained in paragraphs numbered "8" of the Complaint, and refer all questions of law and fact to the court.

7. The answering Defendants admit only that SAWNENY WEST MEDICAL, LLC, is a domestic professional service limited liability company duly incorporated under the laws of the State of New York, as contained within Paragraph "9" of the Complaint, and refers all questions of law and fact to the court.

8. The answering Defendants deny in entirety any allegations contined within paragraph numbered "10" of the Complaint, and refer all questions of law and fact to the court.

2

9. Paragraph "11" of the Complaint contains legal conclusions. Defendants are not required to answer such legal conclusions. However, to the extent that paragraph "11" contains any allegations of fact, the answering Defendants deny knowledge or information concerning any other allegations contained in Paragraph "11" of the Complaint, and refer all questions of law and fact to the court.

10. Paragraph "12" of the Complaint contains legal conclusions. Defendants are not required to answer such legal conclusions. However, to the extent that paragraph "12" contains any allegations of fact, the answering Defendants deny that the Defendant, Dr. Sawheny, was Plaintiff's immediate supervisor, admits that said Defendant had supervisory authority over the Plaintiff, and refer all questions of law and fact to the court.

11. The answering Defendants deny knowledge or information sufficient to form a belief as to the allegations contained within paragraph numbered "13" of the Complaint, and refer all questions of law and fact to the court.

12. Admits only that the Plaintiff was an employee of the answering corporate Defendant, SAWNENY WEST MEDICAL, LLC, until she was properly terminated from her employment, as contained within paragraph numbered "14" of the Complaint, denies that Dr. Sawheny was the employer of the Plaintiff, and refers all questions of law and fact to the court.

## MATERIAL FACTS

13. The answering Defendants deny in entirety the allegations contained within paragraphs numbered "15" through "30" of the Complaint, and refers all questions of law and fact to the court.

14. The answering Defendants admit **_only_** that a conversation took place between the Answering Defendant, and Defendant, Dr. Sawheny, as contained in paragraph numbered "31" of the Complaint, deny in entirety the description of the conversation as contained within paragraph numbered "31" of the Complaint, state affirmatively that the Plaintiff was informed that she would need to find a new job due to poor job performance, and refer all questions of law and fact to the Court.

15. The answering Defendants deny in entirety the allegations contained within paragraphs numbered "32" through "36" of the Complaint, but admit that a conversation or conversations with Dr. Brodsky did in fact take place, and refer all questions of law and fact to the court.

16. The answering Defendants deny all allegations contained within paragraphs numbered "37" to "49" of the Complaint, and refer all questions of law and fact to the court.

**AS A FIRST CAUSE OF ACTION**
**UNDER TITLE VII: DISCRIMINATION**

17. The answering Defendants repeat, reiterate and reallege all defenses as contained within paragraphs numbered "1" through "50" of the Complaint as though fully contained herein, and refer all questions of law and fact to the Court.

18. Paragraph "51" of the Complaint contains legal conclusions Defendants are not required to answer to the extent said paragraph contains legal conclusions. Without waiving such objection, to the extent paragraph "51" contains allegations of fact, the answering Defendants affirmatively state that Plaintiff has no legal right or authority to bring the within fraudulent claims under Title VII of the Civil Rights of 1964 (42 USC §2000e et. seq.) deny knowledge or information concerning any other factual allegations contained in Paragraph "51" of the Complaint and refer all questions of law and fact to the court.

## AS A SECOND CAUSE OF ACTION
## UNDER TITLE VII: RETALIATION

19. The answering Defendants repeat, reiterate and reallege all defenses as contained within paragraphs numbered "1" through "52" of the Complaint as though fully contained herein, and refer all questions of law and fact to the Court.

20. Paragraph "53" of the Complaint contains legal conclusions. It is respectfully submitted that the answering Defendants are not required to answer to the extent said paragraph contains legal conclusions. Without waiving such objection, to the extent paragraph "53" contains allegations of fact, the answering Defendants affirmatively state that Plaintiff has no legal right or authority to bring the within fraudulent claims under Title VII of the Civil Rights of 1964 (42 USC §2000e-3(a)) deny knowledge or information concerning any other factual allegations contained in Paragraph "53" of the Complaint and refer all questions of law and fact to the court.

21. The answering Defendants deny all allegations as contained within paragraph numbered "54" of the Complaint, and refer all questions of law and fact to the Court.

## AS A THIRD CAUSE OF ACTION
## UNDER STATE LAW: DISCRIMINATION

22. The answering Defendants repeat, reiterate and reallege all defenses as contained within paragraphs numbered "1" through "55" of the Complaint as though fully contained herein, and refer all questions of law and fact to the Court.

23. Paragraph "56" of the Complaint contains legal conclusions. It is respectfully submitted that the answering Defendants are not required to answer to the extent said paragraph contains legal conclusions. Without waiving such objection, to the extent paragraph "56" contains allegations of fact, the answering Defendants affirmatively state that Plaintiff has

no legal right or authority to bring the within fraudulent claims under New York State Executive Law §296, deny in entirety that the Plaintiff was ever subjected to any type of discrimination during her employment, deny knowledge or information concerning any other factual allegations contained in Paragraph "56" of the Complaint and refer all questions of law and fact to the court.

24. The answering Defendants deny in entirety any allegations contained within Paragraph "57" of the Complaint, and refers all questions of law and fact to the court.

25. Paragraph "58" of the Complaint is merely a legal statement and/or conclusion. It is respectfully submitted that the answering Defendants are not required to answer to the extent said paragraph contains legal statements or conclusions. Without waiving such objection, to the extent paragraph "58" contains allegations of fact, the answering Defendants affirmatively state that Plaintiff has no legal right or authority to bring the within fraudulent claims under New York State Executive Law §296, deny in entirety that the Plaintiff was ever subjected to any type of discrimination during her employment, deny knowledge or information concerning any other factual allegations contained in Paragraph "58" of the Complaint and refer all questions of law and fact to the court.

## AS A FOURTH CAUSE OF ACTION UNDER STATE LAW: RETALIATION

26. The answering Defendants repeat, reiterate and reallege all defenses as contained within paragraphs numbered "1" through "59" of the Complaint as though fully contained herein, and refer all questions of law and fact to the Court.

27. Paragraph "60" of the Complaint contains legal conclusions. It is respectfully submitted that the answering Defendants are not required to answer to the extent said paragraph contains legal conclusions. Without waiving such objection, to the extent paragraph "60"

contains allegations of fact, the answering Defendants affirmatively state that Plaintiff has no legal right or authority to bring the within fraudulent claims under New York State Executive Law §296(7), deny in entirety that the Plaintiff was ever subjected to retaliation during her employment, deny knowledge or information concerning any other factual allegations contained in Paragraph "60" of the Complaint and refer all questions of law and fact to the court.

28. The answering Defendants deny in entirety any allegations contained within Paragraph "61" of the Complaint, and refers all questions of law and fact to the court.

## AS A FIFTH CAUSE OF ACTION
## UNDER STATE LAW: AIDING AND ABETTING

29. The answering Defendants repeat, reiterate and reallege all defenses as contained within paragraphs numbered "1" through "62" of the Complaint as though fully contained herein, and refer all questions of law and fact to the Court.

30. Paragraph "63" of the Complaint contains legal conclusions. It is respectfully submitted that the answering Defendants are not required to answer to the extent said paragraph contains legal conclusions. Without waiving such objection, to the extent paragraph "63" contains allegations of fact, the answering Defendants affirmatively state that Plaintiff has no legal right or authority to bring the within fraudulent claims under New York State Executive Law §296(6), deny in entirety that the Defendants "aid[e], abet[ed], inspire[ed], compel[led] or "coerce[d]" the doing of any act forbidden under any section of the law, denies any other factual allegations contained in Paragraph "63" of the Complaint and refer all questions of law and fact to the court.

31. The answering Defendants deny in entirety any allegations contained within Paragraph "64" of the Complaint, and refers all questions of law and fact to the court.

## AS A SIXTH CAUSE OF ACTION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE: DISCRIMINATION

32. The answering Defendants repeat, reiterate and reallege all defenses as contained within paragraphs numbered "1" through "65" of the Complaint as though fully contained herein, and refer all questions of law and fact to the Court.

33. Paragraph "66" of the Complaint contains legal conclusions. It is respectfully submitted that the answering Defendants are not required to answer to the extent said paragraph contains legal conclusions. Without waiving such objection, to the extent paragraph "66" contains allegations of fact, the answering Defendants affirmatively state that Plaintiff has no legal right or authority to bring the within fraudulent claims under any portion of the Administrative Code of the City of New York, further affirmatively denies that the Plaintiff was subjected to any discrimination during her employment, denies any other factual allegations contained in Paragraph "66" of the Complaint and refer all questions of law and fact to the court.

34. The answering Defendants deny in entirety any allegations contained within Paragraph "67" of the Complaint, and refers all questions of law and fact to the court.

## AS SEVENTH CAUSE OF ACTION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE: RETALIATION

35. The answering Defendants repeat, reiterate and reallege all defenses as contained within paragraphs numbered "1" through "68" of the Complaint as though fully contained herein, and refer all questions of law and fact to the Court.

36. Paragraph "69" of the Complaint contains legal conclusions. It is respectfully submitted that the answering Defendants are not required to answer to the extent said paragraph contains legal conclusions. Without waiving such objection, to the extent paragraph "69"

contains allegations of fact, the answering Defendants affirmatively state that Plaintiff has no legal right or authority to bring the within fraudulent claims under any portion of the Administrative Code of the City of New York, further affirmatively denies that the Plaintiff was subjected to any type of retaliation during her employment, denies any other factual allegations contained in Paragraph "69" of the Complaint and refer all questions of law and fact to the court.

37. The answering Defendants deny in entirety any allegations contained within Paragraph "70" of the Complaint, and refers all questions of law and fact to the court.

**AS AN EIGHT CAUSE OF ACTION UNDER THE NEW YORK CITY ADMINSITRATIVE CODE: ASSAULT AND BATTERY**

38. The answering Defendants repeat, reiterate and reallege all defenses as contained within paragraphs numbered "1" through "71" of the Complaint as though fully contained herein, and refer all questions of law and fact to the Court.

39. The answering Defendants deny in entirety any allegations contained within Paragraph "72" of the Complaint, further affirmatively states that any allegations that the Plaintiff was physically assault[ed], batter[ed] or subject to "unwelcomed conduct" during her employment are false and fraudulent, and refers all questions of law and fact to the court.

**AS AND FOR THE DEFENDANTS' AFFIRMATIVE DEFENSES**

1. Any and all claims of the Plaintiff are false, fraudulent and defective and must be dismissed.

2. This proceeding must be dismissed in that the Plaintiff lacks standing due to the fact that the Plaintiff has failed to satisfy any legal requirement as a Plaintiff in this matter, including but not limited to the fact that the claims of the Plaintiff are false, fraudulent and defective.

3. The Plaintiff fails to state a cause of action for which she may be compensated.

4. The Plaintiff fails to provide any basis for damages in this action, and as such, this action must be dismissed.

5. Based on the fact that the claims of Defendant are false and fraudulent, the Plaintiff has not suffered any damages.

**AS AND FOR A COUNTERCLAIM ON BEHALF OF THE DEFENDANTS**

1. That the false and fraudulent allegations of the Plaintiff have damaged the answering Defendants.

2. That the Plaintiff has slandered the answering Defendants.

3. That the Plaintiff has libeled the answering Defendants.

4. That the Plaintiff has caused the answering Defendants to cause a great harm to their respective reputation and business.

5. That the answering Defendants demand an amount exceeding the jurisdictional limits of all courts that would otherwise have jurisdiction on the Counterclaim, together with attorneys' fees, costs and disbursements in this action.

WHEREFORE, the Defendant demands judgment dismissing the complaint in its entirety together with the costs, disbursements and expenses of this action, and an amount exceeding the jurisdictional limits of all courts that would otherwise have jurisdiction.

Yours, etc.,

Dated: October 12, 2015

By: Ezra B. Glaser, Esq. (EG 3953)
CONDE & GLASER, LLP
Attorneys for the Defendants
SAWNEY WEST CARE MEDICAL L.L.C.
and DR. RAMESH SAWHNEY, M.D.
291 Broadway (17th Floor)
New York, New York 10007
Phone: (212) 385-9300
FAX: (347) 282-2296

TO: ARCE LAW GROUP, P.C.
Attorneys for the Plaintiff
HAIMYA LAZAR
30 Broad Street (35th Floor)
New York, New York 10004
(212) 248-0120

| | |
|---|---|
| UNITED STATES DISTRICT COURT )<br>SOUTHERN DISTRICT OF NEW YORK )<br>------------------------------------------------------------------x )<br>HAIMYA LAZAR, )<br>                                 Plaintiff(s), )<br>)<br>-against- )<br>)<br>SAWHNEY WEST CARE MEDICAL LLC, )<br>individually and d/b/a IRVING PLACE SURGERY & )<br>WELLNESS CENTER and DR. RAMESH SAWHNEY, )<br>MD., individually, )<br>                                Defendants. )<br>------------------------------------------------------------------x ) | Docket #: 15 CV 6727<br><br>**AFFIRMATION OF<br>SERVICE BY MAIL** |

**STATE OF NEW YORK )**
                            **)**
**COUNTY OF NEW YORK )**

EZRA B. GLASER, Esq., an attorney duly admitted to practice law in the courts of this state, of CONDE & GLASER, L.L.P., with offices at 291 Broadway (17th Floor), New York, New York, deposes and states the following under the penalties of perjury:

That I am the Attorney for the Plaintiff in the above-referenced matter, and am not a party to this action.

On October 12, 2015, I served a true copies of a **VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** in the above-captioned matter by mailing the same via US Regular Mail, in a sealed envelope with postage prepaid thimeon, and depositing said envelope in a post office box under the exclusive care of the U.S. Postal Service within the State of New York, addressed to the Attorneys for the Defendants, as indicated below:

TO:   ARCE LAW GROUP, P.C.
        Attorneys for the Plaintiff
        HAIMYA LAZAR
        30 Broad Street (35th Floor)
        New York, New York 10004
        (212) 248-0120

Dated:   New York, New York
             October 12, 2015

                                                                       _/s/ Ezra B. Glaser_
                                                                       EZRA B. GLASER, Esq.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------------------------------------------x
HAIMYA LAZAR,

                     Plaintiffs,

– against –

SAWHNEY WEST CARE MEDICAL LLC, individually and d/b/a IRVING PLACE SURGERY & WELLNESS CENTER and DR. RAMESH SAWHNEY, MD., individually,

                     Defendants.
-------------------------------------------------------------------------------------------------------------------x

**VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES
AND COUNTERCLAIM**
-------------------------------------------------------------------------------------------------------------------x

**CONDE & GLASER, L.L.P.**
Attorneys for Defendants
SAWNEY WEST CARE MEDICAL L.L.C.
and DR. RAMESH SAWHNEY, M.D.
291 Broadway (17th Floor)
New York, New York 10007

  Phone:  (212) 385-9300
  FAX:   (347) 282-2296