UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X     **Civ. No.: 1:15-cv-06727**
HAI MYA LAZAR,

                                    Plaintiff,

        -against-

SA WHNEY WEST CARE MEDICAL LLC, individually
and d/b/a IRVING PLACE SURGERY & WELLNESS
CENTER, and DR. RAMESH SA WHNEY, M.D.,
individually,

                                    Defendants.
------------------------------------------------------------------------X


# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO
# DISMISS DEFENDANTS' COUNTERCLAIMS


**ARCÉ LAW GROUP, P.C.**
**Bryan S. Arce, Esq.**
**30 Broad Street, 35 Floor**
**New York, NY 10004**
**(212) 962-2220**
*Attorneys for Plaintiff*

## PRELIMINARY STATEMENT

Plaintiff, by her attorney, Bryan S. Arce, Esq., respectfully submits this memorandum of law, along with the Declaration of Bryan S. Arce, Esq. ("Arce Decl.") and supporting exhibits, in support of Plaintiff's Motion to Dismiss Defendants' Counter for Libel and Slander for failure to state a cause of action for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and 8(a)(2).

First, Plaintiff makes this motion because Defendants' counterclaims are frivolous (as pleaded) and do not even meet the bare minimum of the required pleadings standard for such claims. Second, and more importantly, Defendants' claims for libel and slander (as pled in the counterclaims) appear to relate to Plaintiff's "allegations" in her Complaint, which are protected speech, and not actionable. Last, Plaintiff provided a safe harbor letter to Defendants' counsel putting them on notice that the counterclaims were meritless and dismissible as pled (Arce Decl., ¶ 5, Ex. 2) Therefore, Defendants knew, or should have known, that the counterclaims did not meet even the basic pleadings standard. Consequently, Defendants' counterclaims are frivolous and do nothing but unnecessarily delay, and increase the costs, of litigation.

## LEGAL STANDARD

**Standard of Review for a Motion to Dismiss Under Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) mandates the dismissal of a pleading that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Also, to survive dismissal, a pleading must meet the standard of "plausibility." *See Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must

contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2). As held in *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 556 U.S. 662, 173 L. Ed.

2d 868 (2009), to survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, "to state a claim to relief that is plausible on its face."

As further held in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 167 L.

Ed. 2d 929 (2009), the pleading standard in Rule 8 does not require "detailed factual

allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Id. at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (citing Papasan v. Allain, 478 U.S.*

*265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).* "A pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id. at*

*555, 127 S. Ct. 1955, 167 L. Ed. 2d 929.* "Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of "further factual enhancement." *Id. at 557, 127 S. Ct. 1955, 167 L. Ed. 2d*

*929.*

Courts routinely dismiss defamation claims under Rule 12(b)(6) where, as instantly

asserted, the challenged statements are protected by both Federal and the New York

Constitution. *See, e.g., Levin v. McPhee,* 119 F.3d 189, 196-97 (2d Cir. 1997); *Torain v. Liu,*

2007 WL 2331073, at *4 (S.D.N.Y. Aug. 16, 2007), aff'd, 2008 WL 2164659 (2d Cir. May 22,

2008); *Weinstein v. Friedman,* 1996 WL 137313, *12-20 (S.D.N.Y. March 26, 1996*); Brian v.*

*Richardson,* 87 N.Y.2d 46, 54 (1995); Held v. Pokorny, 583 F. Supp. 1038, 1042 (S.D.N.Y.

1984); *Roth v. United Federation of Teachers*, 787 N.Y.S.2d 603, 611-12 (Sup. Ct. Kings Co.

2004).

More significantly, under Rule 11, "[a] pleading, motion, or paper violates Rule 11 if it is

frivolous, legally unreasonable, or factually without foundation…." *Wechsler v. Hunt Health*

*Sys., Ltd.,* 216 F. Supp. 2d 347, 356 (S.D.N.Y. 2002) (quoting *Simon DeBartolo Group, L.P. v. The Richard E. Jacobs Group, Inc.,* 186 F.3d 157, 167 (2d Cir. 1999); Fed. R. Civ. P. 11(b)(2)). A court may impose sanctions under Rule 11 if a party submits a pleading for "any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *Kropelnicki v. Siegel,* 290 F.3d 118, 131 (2d Cir. 2003) (internal quotations omitted;) *Truong v. N.Y. Hotel & Motel Trades Council,* 603 F. Supp. 2d 742 (S.D.N.Y. 2009).

The standard for determining whether a party has violated Rule 11 is objective unreasonableness "and is not based on the subjective beliefs of the person making the statement." *Storey v. Cello Holdings, LLC,* 347 F.3d 370, 387 (2d Cir. 2003). When an attorney submits a motion that he kn*ew or should have known* was meritless, Rule 11 sanctions are appropriate. *Vekris v. Peoples Express Airlines, Inc.,* 707 F.Supp. 679, 682 (S.D.N.Y. 1988) (emphasis added); *New York State NOW v. Terry,* 732 F.Supp. 388, 412 (S.D.N.Y. 1990); *Messer v. Fahnestock & Co. Inc.,* 2008 WL 4934608 (E.D.N.Y. 2008).

As the allegations in Defendants' Counterclaims cannot possibly "raise a claim of entitlement to relief," the Counterclaims should be dismissed. *Bell Atl. Corp.,* 127 S. Ct. at 1966-67. Additionally, as demonstrated in Plaintiff's corollary Motion for Costs and Sanctions, Defendants were put on notice of their stark pleading deficiencies and they nevertheless failed to withdraw the claims or even amend them to comply with the Federal pleading requirements.

**ARGUMENTS**

Defendants' Counterclaims should be dismissed under Rule 12(b)(6) and 8(a)(2) because it is black-letter law that for claims of defamation, a plaintiff must plead all elements of the cause of action and special damages, and Defendants have failed to do either (along with the fact that they have failed to plead _any_ factual support for their claims.)

**I.**

**DEFENDANTS HAVE FAILED TO ESTABLISH THE ELEMENTS OF A DEFAMATION[1] CAUSE OF ACION**

**A. Defendants Have Failed to Plead <u>Any</u> Facts that Demonstrate Defamation.**

Under New York Law, the elements of a defamation claim are: (1) a false statement; (2) published to a third-party without privilege or authorization; (3) with fault amounting to at least negligence; (4) that caused special harm or defamation per se. Libel is a method of defamation expressed in writing or print. _See, e.g., G.L. v Markowitz,_ 101 A.D.3d 821, 828 (2d Dep't 2012).

In the instant case, **Defendants' counterclaims do not state a single fact or allegation, let alone "sufficient factual matter", that shows Plaintiff defamed, slandered, or libeled Defendants in any way**. (See Exhibit 1; Defendants' "Verified Answer with Affirmative Defenses and Counterclaims".)  Defendants simply claim "[t]hat the Plaintiff slandered the answering Defendants," "[t]hat the Plaintiff has libeled the answering Defendants," and "[t]hat the Plaintiff has caused answering Defendants to cause [sic] a great harm to their respective

---

[1] "Under New York law, the term 'slander' encompass oral defamatory statements, the term 'libel' encompasses written defamatory statements, and both terms are encompassed in the term "defamation." _Apionishev v. Columbia Univ. in N.Y._, 2012 U.S. Dist. LEXIS 8160 (S.D.N.Y. 2012)

4

reputation [sic] and business [sic]." These allegations simply do not meet the required Federal Courts' pleadings standard under *Iqbal* and *Twombly*.

**B. Defendants Failed to Plead Special Damages As Required under New York Law.**

A cause of action for libel requires that the statement be written. *Rizzo v. Edison, Inc.,* 172 F. App'x 391, 395 (2d Cir. 2006). Further, "a viable slander claim **requires allegations of special damages**, i.e., economic or pecuniary loss." *Liberman v. Gelstein,* 80 NY2d 429, 434-435, 605 NE2d 344, 590 NYS2d 857 (1992) (emphasis added.) Moreover, **special damages are not sufficiently pled where damages are not itemized**. *See Larson v. Albany Med. Ctr*., 252 A.D.2d 936, 939, 676 N.Y.S.2d 293, 296 (3d Dep't 1998) (emphasis added.)

Defendants' case must be dismissed unless special damages have been sufficiently alleged. *See, e.g., Ferlito v. County of Suffolk,* 2007 WL 4180670, at *4 (S.D.N.Y. Nov. 17, 2007); *Aronson v. Wiersma,* 65 N.Y.2d 592 at 594 (both dismissing the complaint that did not allege slander per se or special damages). Special damages are "the loss of something having economic or pecuniary value which must flow directly from the injury to reputation by defamation; not from the effects of defamation." *Idema v. Wager*, 120 F. Supp. 2d 361, 368 (S.D.N.Y. 2000) (citations omitted). It is well-settled that special damages must be fully and accurately defined "with sufficient particularity to identify actual losses." *Id.* Defendants' Counterclaim does not come close to satisfying this test.

In this case, Defendants completely failed to allege *any* special damages or a single "actual loss" suffered as a result of the challenged statements. Instead, the Defendants vaguely assert that "the Plaintiff has caused the answering Defendants…a great harm to their respective reputation and business." (Arce Decl., ¶ 3, Ex. 1; Defendants' Counterclaim at ¶ 4.) Defendants

further vaguely demand "an amount exceeding the jurisdictional limits of all courts that would otherwise have jurisdiction on the Counterclaim, together with attorneys' fees, costs and disbursements in this action." (Arce Decl., ¶ 3, Ex. 1; Defendants' Counterclaim at ¶ 5.) *See, e.g., Minoli v. Evon,* 1996 WL 288473, at *9 (E.D.N.Y. May 24,1996) (claim of damages in "an amount to be determined at trial" is insufficient to plead special damages); *Berman v. Medical Soc. of State of N.Y.,* 23 A.D.2d 98, 100 (1st Dep't 1965); (dismissing defamation claim where plaintiff pled round figures of claimed damages with no attempt at specific itemization).

In sum, it is these bare thread allegations, and simple "formulaic recitation of the elements of a cause of action" that are specifically not allowed in Federal Court pleadings. *Twombly, at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929.* For this independent reason alone, Defendants' counterclaims against Plaintiff must be dismissed.

C**. The Challenged Statements are Absolutely Protected under Federal & New York Law.**

As demonstrated above, Plaintiff really has no idea what facts or actions on her part support Defendants' counterclaims for libel or slander, but because the counter claim does claim "false and fraudulent <u>allegations</u>" by Plaintiff, it is assumed that Defendants' counterclaims go to the allegations in Plaintiff's Complaint (or EEOC charge which is virtually identical to her filed Federal case.) Therefore, even if this Court determines that Defendants met their pleading burden, the counterclaims would nevertheless have to be dismissed as a matter of law because the statements at issue are absolutely protected as privileged communications.

"It is well settled that statements made in the course of a judicial proceeding are absolutely privileged if, by any view or under any circumstances [they] may be considered

6

pertinent to the litigation." *RWP Group, Inc. v. Holzaberg,* 202 AD2d 410 (1994) (quoting

*Dougherty v. Flanagan, Kelly, Ronan, Spollen & Stewart*, 145 AD2d 461, 535 NYS2d 422

(1988); *Martirano v. Frost,* 25 NY2d 505, 507, 307 NYS2d 425, 255 NE2d 693 (1969). More

significantly, this privilege has not been limited only to statements made in open court. *Klein v.*

*McGauley,* 29 AD2d 418, 420 (2d Dept.1968) (quoting *Zirn v. Cullom*, 187 Misc. 241, 63

NYS2d 439 (1946)).  More importantly, even out of Court statements are protected (even though

not alleged), "[a]s long as the subject of an out-of-court communication relates to pending or

contemplated litigation, and is made in connection with a judicial proceeding, it furthers an

interest of social importance and should be protected." *Caplan v. Winslett*, 218 AD2d 148,153

(1996) (emphasis added).

The Southern District of New York has stated, "Parties to litigation have an absolute

privilege … for defamatory statements made prior to, in the institution of, or during the course

of, a proceeding.")  *Long v. Marubeni Am. Corp*., 406 F. Supp. 2d 285, 293-294 (S.D.N.Y. 2005)

(emphasis added.)  Furthermore, "this privilege covers communications adjunct or preparatory to

legal proceedings such as communications to an attorney. *Id*.


## CONCLUSION

Defendants have failed to meet any of the prongs required to rightfully allege a cause of

action for libel, slander, or defamation.  For these reasons, Plaintiff respectfully requests that the

Court dismiss Defendants' counterclaims with prejudice. Plaintiff further respectfully requests

cost and sanctions for having to oppose Defendants' frivolous claims as further outlined in her

Motion for Costs and Sanctions.

Dated: New York, New York
      December 9, 2015

Respectfully Submitted,

**ARCÉ LAW GROUP, PC**
*Attorneys for Plaintiff*

By:        _____/s/_____
Bryan S. Arce, Esq.
30 Broad Street, 35th Floor
New York, NY 10004
(212) 248-0120