# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAIMYA LAZAR, <br>                           Plaintiff, <br> vs, <br><br> SAWHNEY WEST CARE MEDICAL LLC, individually and d/b/a IRVING PLACE SURGERY & WELLNESS CENTER and DR. RAMESH SAWHNEY, MD., individually, <br>                           Defendants. | **DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** <br><br> 15 CV 6727 |

## DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF HAIMYA LAZAR

Defendants herein, SAWHNEY WEST CARE MEDICAL LLC, individually and d/b/a IRVING PLACE SURGERY & WELLNESS CENTER and DR. RAMESH SAWHNEY, MD., individually, submit the following written Request for Production of Documents to Plaintiff, HAIMYA LAZAR, pursuant to Federal Rules of Civil Procedure 26 and 33 for answer as provided by law.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

    1. "**Document**" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that has been in Defendant's possession, control or custody or of which it has knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail

attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings. Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2. "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3. (a) "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b) "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4. "**Subject Incident**" means events made the basis of the Complaint.

5. "**You**," or "**your**" means PLAINTIFF, HAIMYA LAZAR.

6. "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical." As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same". If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

7. The terms "**and**" as well "**as**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope. The term "**and/or**" shall be construed likewise.

8. The term **"communication"** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

9. The term **"concerning"** means "relating to," "referring to," "describing," "evidencing" or "constituting." These terms are used interchangeably herein.

10. The term **"produce"** means produce in the document's native format, e.g., payroll records maintained in Microsoft Excel files should be produced in Excel files, not paper printouts.

11. **Electronically Stored Information (ESI)** must be produced in its native format. That means that a document which was originally created as a Microsoft Word file or an Excel spreadsheet must be produced as a .doc or .xls file (or successor), without redaction of metadata.

12. Emails must be produced in .msg or .pst file format. Emails shall be produced so that the full header is accessible and readable.

13. Native paper documents will be produced as scanned .tif files.

14. Unless otherwise indicated all requests pertain to the period set forth in the Complaint.

15. Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

16. With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

**INSTRUCTIONS**

1. Each request for production of documents shall be deemed continuing so as to require prompt supplemental responses, if you obtain or discover further documents responsive to the particular request between the time of responding to the request and the time of trial.

2. If you claim a privilege as a grounds for not responding in whole or in part to any request, in your response to the request, you shall:

    (a) Identify and describe each such document by date, author, and recipient;

    (b) State the privilege or privileges asserted; and

    (c) Describe the factual basis for the claim of privilege in sufficient detail so that the Court may adjudicate the validity of the claim.

3. If documents are produced by category, and if you consider that a document is described by more than one category, the document may be placed in any one such category describing the document.

**REQUESTS FOR PRODUCTION**

Please produce the following:

1. A copy of each document (as that term is defined above) referred to in your responses to Defendants' First Interrogatories to Plaintiff, HAIMYA LAZAR.

2. A copy of each and every document (as that term is defined above) that you have ever received from Defendants for educational, training, instructional or like purposes, including without limitation any and all training manuals, standards, policies, procedures, and the like.

3. A copy of each statement and report (written, oral, recorded, transcribed, not transcribed, etc) identified in your response to Interrogatory No. 6.

4. A list depicting the name, address, occupation and relationship to each witness identified in your response to Interrogatory No. 16.

5. A copy of every photograph (negative, positive, video, digital and/or other) or recording in your (including your attorney's) possession, custody and/or control that depicts in any way defendants' involved in the Subject Incident and the date of all evidence.

6. A copy of every photograph and other document (as that term is defined above) in your (or your attorney's) possession, custody and/or control that relates, refers, illustrates and/or discusses in any way the Defendants.

7. A copy of each and every document that reflects any statements made by the Defendants and/or that purports to contain the signature of the Defendants.

8. Copies of all documents, correspondence, and reports sent by or on behalf of HAIMYA LAZAR and/or received by HAIMYA LAZAR from any federal, state, or local regulatory agency pertaining to the subject incident.

9. To the extent you have not already done so in response to previous Requests, produce a copy of each and every document (as defined above) that you maintain supports and/or refutes any claim made by Defendants in their Answer.

10. A copy of all posts and/or messages identified in your response to Interrogatory # 18.

Dated: New York, New York
February 12, 2016

*[signature: Ezra B. Glaser]*

BY: EZRA B. GLASER, Esq. (EG 3953)
CONDE & GLASER, LLP
Attorneys for Defendants
291 Broadway, 17th Floor
New York, New York 10007
Phone: (212) 385-9300

TO: ARCE LAW GROUP, P.C.
Attorneys for the Plaintiff
HAIMYA LAZAR
30 Broad Street (35th Floor)
New York, New York 10004
(212) 248-0120

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within and foregoing **DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO HAIMYA LAZAR** has been served upon the Plaintiff's counsel of record in this action by depositing same in the United States Mail in a properly-addressed envelope with adequate postage thereon to:

>   ARCE LAW GROUP, P.C.
>   Attorneys for the Plaintiff
>   HAIMYA LAZAR
>   30 Broad Street (35th Floor)
>   New York, New York 10004
>   (212) 248-0120

Dated: New York, New York
       February 12, 2016

BY: _____
     EZRA B. GLASER, Esq. (EG 3953)
     CONDE & GLASER, LLP
     Attorneys for Defendants
     291 Broadway, 17th Floor
     New York, New York 10007
     Phone: (212) 385-9300

# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------x

HAIMYA LAZAR,

                                                                                                            Plaintiff,

                             -against-


SAWHNEY WEST CARE MEDICALLLC, individually and d/b/a IRVING PLACE SURGERY & WELLNESS CENTER and DR. RAMESH SAWHNEY, MD., individually,

                                                                                                       Defendant(s).

-----------------------------------------------------------------------------x

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

-----------------------------------------------------------------------------x

**CONDE & GLASER, L.L.P.**
Attorneys for the Plaintiff
291 Broadway (17th Floor)
New York, New York 10007

**Phone:**     (212) 385-9300
**Fax:**        (347) 282-2296