**CONDE & GLASER, ESQS.**
*Attorneys at Law*

291 Broadway (17th Floor)
New York, New York 10007
PHONE: (212) 385-9300  FAX: (347) 282-2296

June 8, 2016

Honorable Jesse M. Furman
United States District Court – Southern District
500 Pearl Street
New York, New York 10007

Re: <u>Letter-Motion to voluntarily dismiss and Seal the Court File</u>
Docket #: 15-CV-6727 (JMF)

Dear Judge Furman,

As you are aware, this firm represents the Defendants in the above-entitled action (the "Action"). We write the Court, with consent from Plaintiff's attorney, Bryan S. Arce, to request that the Court seal the record in this Action, based on a resolution. We cannot resolve the case until we know the Court's decision on this matter. Therefore, we respectfully request an expedited review of this question and the final sealing of this case at the earliest opportunity. Plaintiff does not oppose our request to seal the record in this action.

### Background

The Action was filed on or around December 2015. At this time, virtually all issues in dispute have been resolved, a Settlement Agreement was entered into on May 23, 2016, and the first payment of monies in this matter have already been made. Regardless of the court's decision as to the request to seal the file, the parties remain bound by the Settlement Agreement.

We ask that the court allow a voluntary dismissal in this Action be entered by the Court, with prejudice, and the file be ordered sealed due to the necessity for confidentiality, and that the confidentiality of any records be preserved relating to this Action, including any and all documents that have been filed with this Court.

In this case, confidentiality is absolutely critical in order to avoid annoyance, embarrassment, and oppression as well as undue burden and expense.

### <u>Supreme Court and Second Circuit Precedent Supports Sealing the Record as The Documents to be Sealed are Afforded Only a Weak Presumption of Public Access.</u>

Under the standard set forth in *United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995), when evaluating a request to seal records, a federal court should evaluate the presumption of public

1

access to court documents according to how those documents impact the court's Article III judicial functions. Documents, evidence, or testimony that a court has relied upon in making a final Article III adjudication, such as an order granting summary judgment, are entitled to a strong presumption of public access. Conversely, materials that a court has not used or relied upon in a final Article III adjudication are subject to a weak presumption of public access. *Id.* at 1049-50.

With respect to this Action, the only activity in the case thus far has been the filing of the summons and complaint, the Answer of the Defendants and the Exchange of Interrogatories and various materials for discovery. No motions have been made other than a previous letter motion regarding allegations in a counterclaim, which have been withdrawn. Most importantly, no final Article III adjudications have been made or requested. Accordingly, the current record in this Action in no way invokes the Court's Article III judicial functions and is only entitled to a very weak presumption of public access.

### The Public Policy Interest Encouraging Negotiated Resolutions Outweighs This Weak Presumption of Public Access.

The Second Circuit has held that encouraging the negotiated resolution of a dispute is sufficient justification to seal court records. In *United States v. Glens Falls Newspapers*, 160 F.3d 853 (2d Cir. 1998), the Court noted that there is a significant public policy interest in "encouraging the settlement of cases through a negotiated compromise," rather than through the "blunt instrument" of litigation, and that this policy interest weighs in favor of confidentiality when such confidentiality would encourage a settlement. *Id.* at 855-56; *see also Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004).

As noted above, under the standards outlined in *Amodeo*, the presumption of public access in this case is quite weak. Further, the resolution of this case hinges entirely upon the confidentiality of the record. Therefore, this weak presumption must yield to the strong public policy interest laid out in *Glens Falls* and *Gambale* of encouraging negotiated resolutions. 160 F.3d at 855-56; 377 F.3d at 143.

### There is Sufficient Good Cause to Seal the Record in This Case.

In light of the allegations contained in the complaint, Plaintiff and Defendant request that the entire record be permanently sealed in order to avoid exposing any of the parties to annoyance, embarrassment, oppression, and undue expense – particularly where, as here, a doctor's medical practice is at risk. These are the very grounds set out in Fed. R. Civ. P. 26(c) that justify sealing. Sealing the record in this Action would also be consistent with rulings of other federal courts confronted with similar facts. *See* FEDERAL JUDICIAL CENTER, SEALED CASES IN FEDERAL COURTS 9, 13-14 (2009) (providing a sample list of cases sealed in 2006 for reasons including, *inter alia*, preventing reputational harm to a professional practice; avoiding the disclosure of embarrassing information that could "result in harm" to a party; and precluding disclosure of personal information in certain types of cases). These rulings are in accord with the Supreme Court's holding in *Nixon v. Warner Communications, Inc.*, 435 U.S.

589 (1978) that courts have both the power and the to ensure that court records are not "used to gratify private spite or promote public scandal." *Id.* at 598.

<u>The Resolution of this Matter is Time-Sensitive</u>

We remain concerned, after final settlement of this matter, that the ability to review documents are allow for further activity with respect to the filings herein – including the viewing of settlement documents, could cause substantial prejudice to the parties. Therefore, it remains in the interest of the parties to resolve this matter, including the question of sealing the record, before Friday.

We extend our sincere apologies to Your Honor for the time sensitive nature of this request and thank the Court for its consideration.

Very truly yours

_____
Ezra B. Glaser (EG 3953)

_____
Bryan S. Ayce (BA2671)